FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUL 05 2013

SEAN F. McAVOY, CLERK
_____DEPUTY
RICHLAND, WASHINGTON

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT DISTRICT OF WASHINGTON
AT RICHLAND

| | |
|---|---|
| The UNITED STATES OF AMERICA, acting through and by MARYANNE ZUKOWSKI, a Washington resident, and MARYANNE ZUKOWSKI in her individual capacity (Count II),<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF PASCO, a Washington municipality,<br><br>Defendant. | No. CV-13-5073-TOR<br><br>COMPLAINT<br><br>All pleadings and motions to be filed *in camera* and sealed pursuant to 31 U.S.C. §3729 *et seq.*<br><br>(JURY TRIAL DEMANDED) |

**COMPLAINT**

1.    Plaintiff, Maryanne Zukowski, brings these causes of action against defendant City of Pasco on behalf of the UNITED STATES OF AMERICA under 31 U.S.C. 3729, *et seq.*, the False Claims Act, for knowingly presenting, or causing to be presented, false or fraudulent claims for payment or approval to the United States and for knowingly making, using, or causing to be made or used, false records or statements to get false or

COMPLAINT - 1

PEPPLE CANTU SCHMIDT PLLC
1000 SECOND AVENUE, SUITE 2950
SEATTLE, WASHINGTON 98104
(206) 625-1711 - FACSIMILE (206) 625-1627

fraudulent claims paid or approved by the United States, and in her individual capacity for unlawfully and intentionally retaliating against Zukowski in violation of the anti-retaliation provisions of the False Claims Act, 31 U.S.C. 3730(h).

**INTRODUCTION**

2. This is a civil action to recover damages in excess of $75,000.00 plus all applicable civil penalties and other relief from Defendant for making or causing to be made false or fraudulent statements, representations, and claims to the United States for more than ten years prior to June 11, 2013, for reimbursement for federal transportation design and construction monies relating to public roads and highways within the Pasco jurisdiction, and for unlawfully and intentionally retaliating against Zukowski in violation of the anti-retaliation provisions of the False Claims Act, 31 U.S.C. 3730(h). Said monies were reimbursed to Pasco by the United States Government, including the United States Department of Transportation. All of the factual statements herein are contained in the accompanying declaration of Zukowski, as the Relator.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction under the Federal False Claims Act, 31 U.S.C. 3732.

4. The claims in the proposed action arise from the defendant's participation in the various federal highway funded programs located in Pasco, Washington, and therefore under the applicable statutes and court rules, venue is proper in the Eastern District of Washington at Richland.

**PARTIES**

5. MARYANNE ZUKOWSKI ("Zukowski") is a *qui tam* plaintiff for herself and for the United States Government under 31 U.S.C. 3730(b) (1).

6. Defendant CITY OF PASCO ("Pasco") is a Washington municipality, with its

COMPLAINT - 2

PEPPLE CANTU SCHMIDT PLLC
1000 SECOND AVENUE, SUITE 2950
SEATTLE, WASHINGTON 98104
(206) 625-1711 · FACSIMILE (206) 625-1627

principal offices located in Pasco, Washington.

7.      Whenever reference is made in this Complaint to any representation, act, or transaction of the defendant herein, such allegation shall be deemed to mean that the principals, officers, directors, employees, agents, or representatives, while actively engaged in the course and scope of their employment, did authorize such acts or transactions on behalf of the defendant. The defendant is referred to hereafter as "Pasco."

## FACTS

8.      Zukowski became a State of Washington licensed professional engineer in 2002. Beginning in 1996 through 2010, she worked for the Washington State Department of Transportation and specifically three Washington State municipalities as a Transportation Engineer and Program Project Manager where her duties included ensuring that state and those local agencies used and applied federal funds properly. She additionally sat as co-chair for the Metropolitan Planning Organization representing all Cities and Towns in Snohomish County in the reprograming and programing of federal transportation funds. She worked for the Federal Highway Administration, a division of the U.S. Department of Transportation from approximately 2010 to 2011 as a Civil Highway Transportation Engineer as a Program Project Manager. Her duties included ensuring that state and local agencies used federal funds properly, *i.e.*, she was performing direct oversight in administration of federal funds. In March, 2013, Zukowski was hired as a Senior Engineer by Pasco to assist in designing and administering federally funded transportation projects in Pasco.

9.      In order to qualify for federal funding of highway projects, Pasco has to submit its proposed project along with required descriptions of the project, budgets, and certifications that the City has matching funds set aside and available for the project. Federal highway funds are reimbursements for work the federal government has authorized and the state or locality has paid from its local and matching funds. Typically states and

COMPLAINT - 3

localities match the federal funds at a 10% to 13.5 % ratio. Soon after she started working for Pasco, Zukowski began reviewing approximately 18 current transportation projects and discovered instances of illegal practices in some or all of those projects.

10. The projects in which Zukowski discovered waste, fraud, and abuse included the following:

a) Road 68 Corridor Improvements Study;

b) Road 68 Improvements, Phase 2;

c) Interconnect Road 68 Signals;

d) Citywide Traffic Signal Study;

e) Traffic Signal Improvements City Wide;

f) RT and LT turn lanes Burden Blvd @ Road 68;

g) Clemente Driveway Entrance Reconstruction;

h) Road 68 Widening South;

i) 2012 Overlays;

j) 4th Ave Corridor (Court St to I-182 Interchange)

k) Oregon Avenue (SR397) Corridor Project (I-182/US 12 to Ainsworth Avenue;

l) Court Street ADA Ramp Upgrades and Pedestrian Count Down Signal Heads – tied contract with 2011 Overlays ADA Ramps (10th Ave);

m) I-182 off and on ramps @ Road 52;

n) Off Ramp at Road 44 WB;

o) Lewis Street Demolition;

p) Pasco Safe Routes to Schools 1;

q) Lewis and Clark Street Couplets; and

r) Argent Road Widening.

COMPLAINT - 4

PEPPLE CANTU SCHMIDT PLLC
1000 SECOND AVENUE, SUITE 2950
SEATTLE, WASHINGTON 98104
(206) 625-1711 - FACSIMILE (206) 625-1627

11. The practices she discovered constituting waste, fraud, and abuse included the following:

a) She was instructed by her superior to hire consultants and subconsultants without following state rules for selecting consultants and contractors, a prerequisite for reimbursement for Federal Highway Administration funds. Zukowski refused her superiors' request to contract without following public process by explaining the state and federal processes, but her superiors nevertheless continued the practice over her objections. In fact, Zukowski was told by a superior and fellow employees that Pasco does not select consultants or contractors pursuant to state and federal processes with a request for proposal ("RFP") and request for qualifications ("RFQ") and documented fair evaluation record and selection process or by preparing evaluated documentation of selection from a list of Qualified Firms.

b) Instead of highway and transportation work going to entities selected by public process, the contracts are let to friends, cronies, and familiar entities, *i.e.*, contracts are awarded by favoritism, not by the legally mandated public selection process and ensuing records.

c) Federal monies Pasco applies for are being mismanaged. For example, in the foregoing 18 projects, none of the Pasco City budgets, the Council Adopted Pasco Six Year Transportation Plan, the WSDOT Six Year Transportation Plans, Grant awarded narratives and budgets, Federal Prospectus, Federal Certifying Local Agency Agreements, and executed consultant contracts match. In some cases the WSDOT Six Year Transportation Plans have been revised and amended several times and formally approved by the Federal Highway Administration after work is commenced or completed.

d) In some or all of the foregoing 18 projects, the budgets submitted to the WSDOT and the Federal Highway Administration in order to qualify for federal funds

COMPLAINT - 5

PEPPLE CANTU SCHMIDT PLLC
1000 SECOND AVENUE, SUITE 2950
SEATTLE, WASHINGTON 98104
(206) 625-1711 - FACSIMILE (206) 625-1827

were phony. Some were actually budgets from other projects and some consisted of "plugged" phony numbers that were not the result of any engineering judgment, analysis, study, or certifying engineers' cost estimate.

    e) Some or all of the foregoing 18 projects contain scopes of work for design and construction in the contracts of several of the consultants that are duplicative, resulting in the government paying for work performed not only once, but being billed twice and even more often.

    f) In certifying to the Federal Highway Administration that it has matching local funds of its own with which to pay consultants in the 18 foregoing projects, and then be reimbursed by federal monies, Pasco has made false certifications. Often Pasco either does not have the money, or it takes money from other federally-funded projects and claims that those monies are available to fund the project. Such funds are, of course, ineligible to fund different projects and do not constitute Pasco matching funds.

    g) For each of the 18 projects, the budget accounts for each project should match the scope of work and match the scope of work and budget to the WSDOT Six Year Transportation Plans and other Federal Aid Certifications. In Pasco's 18 projects, the scopes of work rarely, if ever, match the budget.

    h) No consultant or contractor is authorized to begin and charge work to federal funds on a project until Pasco receives a formal Notice to Proceed from Federal Highway Administration approval through WSDOT, which is granted only after all the budgets, scopes of work, certifications of matching funds, etc., have been approved by that agency. Pasco, however, routinely has the consultants perform work prior to the receipt of a Notice to Proceed and then either hold the bills or has the consultant submit falsified records showing the work was performed after the issuance of a Notice to Proceed.

    i) Pasco routinely pays the invoices for its consultants on federally-

COMPLAINT - 6

PEPPLE CANTU SCHMIDT PLLC
1000 SECOND AVENUE, SUITE 2950
SEATTLE, WASHINGTON 98104
(206) 625-1711 · FACSIMILE (206) 625-1627

funded projects without requiring or receiving documentation that the work was actually performed. Accordingly, Pasco more likely than not is paying invoices for upcharged work or work that has not been performed or work that has not been performed in compliance with contractual requirements. Zukowski was berated by her superiors for requesting such specifics from the consultants on the projects she was managing for applications for federal funds.

j)    Pasco also misuses and misapplies federal funds by using funds from one project and applying to another project for which they are not authorized. For example, as the Road 68 projects got underway, it became apparent that there was a missed scope of work, *i.e.*, work that needed to be done for the project had not been included in the consultant's executed contract. Pasco went ahead and verbally directed contracted work without being authorized by the Federal Highway Administration to do so, and arranged to pay for the work under the Citywide Traffic Signal Study Project and Traffic Signal Improvements City Wide Project contracts that are unrelated to the Road 68 projects. Additionally, these other additional projects also did not have formal Notice to Proceed. Pasco will submit for reimbursement for funds under one project by invoicing for work actually done pursuant to another project and sometimes several other projects.

12.    Zukowski was informed by fellow Pasco employees, some of whom have worked there for many years, that Pasco's patterns and practices of fraud, waste, and abuse in its administration of Federal Highway Administration funds has been happening for more than ten years.

13.    Zukowski prepared a memorandum dated May 4, 2013, setting forth her then current concerns relating to the foregoing issues to her colleague, Mike Pawlak, Pasco's City Engineer and Maryanne's supervisor. No one discussed the memorandum with her until it was raised in a meeting on May 28, 2013. A copy of that memorandum is attached to

COMPLAINT - 7

PEPPLE CANTU SCHMIDT PLLC
1000 SECOND AVENUE, SUITE 2950
SEATTLE, WASHINGTON 98104
(206) 625-1711 - FACSIMILE (206) 625-1627

1  her accompanying Declaration as Exhibit A and is incorporated here by reference as if fully
2  set forth herein. As a result of raising her complaints and concerns, Zukowski was told by
3  her Director that she needed to work 80-hour weeks, and he assigned her the task of
4  designing 40 street signals in 4 days, a task that would take a reasonable competent
5  engineer more than one year. These unreasonable demands were made by Pasco to
6  Zukowski in retaliation for her raising concerns about Pasco's patterns and practices of
7  waste, fraud, and abuse in its administration of federally-funded transportation projects.
8  Zukowski was also berated by her superiors for raising these concerns and for requiring
9  specific documentation from consultants before authorizing payment of invoices on the
10 projects she was managing for applications for federal funds.

14. Zukowski was terminated from her employment with Pasco on June 11, 2013, as retaliation for her raising concerns about Pasco's patterns and practices of waste, fraud, and abuse in its administration of federally-funded transportation projects.

### THE ACTIONABLE CONDUCT OF DEFENDANT

15. For the period of more than ten years prior to June 11, 2013, defendant acted knowingly, or in reckless disregard or in deliberate ignorance of the truth in presenting or causing to be presented to the United States false claims for payment of Federal Highway Administration reimbursements referenced above for payment or approval in violation of 31 U.S.C. 3729, *et seq.*, the False Claims Act, and concealing or failing to disclose such false claims or certification, as detailed in the foregoing paragraphs.

### THE SPECIFIC FALSE REPRESENTATIONS AND CLAIMS BY DEFENDANT

16. The specific false representations and claims of the defendant are detailed in the accompanying Declaration of Maryanne Zukowski, which is hereby incorporated by reference as if set forth fully herein.

COMPLAINT - 8

PEPPLE CANTU SCHMIDT PLLC
1000 SECOND AVENUE, SUITE 2950
SEATTLE, WASHINGTON 98104
(206) 625-1711 · FACSIMILE (206) 625-1627

17. As a direct and proximate result of the defendant's actions alleged in this Complaint, the United States has sustained damages in excess of the jurisdictional amount of $75,000.00 and in actuality, in excess of tens or hundreds of millions of dollars.

### CAUSES OF ACTION:

### COUNT I

### VIOLATION OF 31 U.S.C. 3729, et seq., THE FALSE CLAIMS ACT

18. Plaintiff realleges and incorporates by reference paragraphs 1 through 17, above, as though set forth fully herein.

19. Defendant knowingly presented or caused to be presented false claims for payment to the Federal Highway Administration division of the Department of Transportation, creating liability for a false claims action pursuant to 31 U.S.C. 3729, *et seq.*, the False Claims Act.

20. As a result of defendant's conduct, the United States has suffered damages in an amount to be determined at the time of trial, but an amount which is in excess of $75,000.00.

21. Pursuant to 31 U.S.C. 3729(a)(7) of the False Claims Act, the plaintiff is entitled to an award consisting of a trebling of the actual damages sustained by the United States, plus a civil penalty of not less than $5,000 and not more than $10,000 per false claim or representation, plus all other relief set forth in said statutes, plus prejudgment interest at the highest rate allowed by law, plus all attorney fees and court costs.

### COUNT II

### RETALIATION

22. Plaintiff realleges and incorporates by reference paragraphs 1 through 17, above, as though set forth fully herein.

23. As alleged in the accompanying Declaration of Maryanne Zukowski, when

COMPLAINT - 9

PEPPLE CANTU SCHMIDT PLLC
1000 SECOND AVENUE, SUITE 2950
SEATTLE, WASHINGTON 98104
(206) 625-1711 - FACSIMILE (206) 625-1627

Zukowski discovered Pasco's patterns and practices of waste, fraud, and abuse in its administration of federally-funded transportation projects and reported them to her supervisors, the defendant made outrageous and unreasonable work demands (80 hours a week; design 40 traffic signals in 4 days) in an attempt to retaliate against her for making such complaints and to get her to quit her job or to lay the foundation for the specious claim that she would be fired for her inability to comply with her work requirements.

24. By this conduct, the defendant discriminated against Zukowski and wrongfully terminated her in violation of its own policies, Washington, and federal law, and the anti-retaliation provisions of the False Claims Act, 31 U.S.C. 3730(h). As a result of defendant's conduct, plaintiff has been damaged in an amount to be proven at the time of trial.

### PRAYER FOR RELIEF

WHEREFORE, THE Plaintiff demands that judgment be entered in her favor and against the Defendant as follows:

1. On Count 1, plaintiff demands a trebling of the actual damages sustained by the United States, plus a civil penalty of not less than $5,000 and not more than $10,000 per false claim or representation or certification, plus all other relief set forth in said statutes, plus prejudgment interest at the highest rate allowed by law, plus all attorney fees and court costs. The Plaintiff further demands such other and further relief as the Court deems just and equitable.

2. On Count II, Plaintiff demands her damages in an amount to be proven at the time of trial, including reinstatement with the same seniority status that Zukowski would have had but for the retaliation, two times the amount of back pay, interest on the back pay, and compensation for any special damages sustained as a result of the discrimination, including litigation costs and reasonable attorney fees, plus pre-judgment interest at the highest rate allowed by law. Plaintiff further demands such other and further relief as the Court deems

COMPLAINT - 10

PEPPLE CANTU SCHMIDT PLLC
1000 SECOND AVENUE, SUITE 2950
SEATTLE, WASHINGTON 98104
(206) 625-1711 - FACSIMILE (206) 625-1827

1  just and equitable.

2  RESPECTFULLY SUBMITTED this ___ day of July, 2013.

3  PEPPLE CANTU SCHMIDT PLLC

5  By_____
6  Jackson Schmidt, WSBA 16848
   Jeffrey M. Odom, WSBA 36168
7  jschmidt@pcslegal.com; jodom@pcslegal.com
   1000 Second Avenue, Suite 2950
8  Seattle, Washington 98104
   Telephone: 206.635.1711
9  Fax: 206.625.1627
   *Attorneys for Relator Maryanne Zukowski*

COMPLAINT - 11